NED LYNCH--CA ST. BAR NO. 149680
Attorney At Law
110 West C Street, Suite 1407
San Diego, CA 92101
Telephone: 619-525-0081

Attorney for the Material Witness

**United States District Court**

**Southern District of California**

(Hon. Nita L. Stormes)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal Case No. 08CR1455BEN(NLS) |
| Plaintiff, ) | **Material Witness' Memorandum Of Points And Authorities In Support Of** |
| v. ) | **His Motion For A Videotaped Deposition And Release From Custody** |
| ARA E. AVETYANTS, ASHOT BARSEGIAN,) and ARSEN GRISHAI MOTIVOSYAN, ) | Date: June 13, 2008 |
| ) | Time: 9;30 a.m. |
| Defendants. ) | Judge: Nita L. Stormes |
| ) | Room: F |

Material witness Ara Hakobyan [the "Material Witness"], by and through his counsel, attorney Ned Lynch, submit this memorandum of points and authorities in support of his motion to take his videotaped deposition and thereafter be released from custody.

**Case Overview**

On April 26, 2008 the Material Witness was detained in the Southern District of California in relation to the charges brought against Defendants Ara E. Avetyants, Ashot Barsegian, and Arsen Grishai Motivosyan for violating 8 U.S.C. § 1324 by attempting to smuggle the Material Witness into the U.S. illegally as an undocumented alien. The Material Witness is allegedly being detained as material witness under 18 U.S.C. § 3144.

1  The Material Witness has been unable to arrange for his release on bail, and by the time this motion will be heard he will have been in custody for nearly 7 weeks. However, it is unnecessary to detain the Material Witness much longer, because his testimony can be preserved by a videotaped deposition. The Material Witness therefore requests the court order the videotaped deposition to preserve his testimony, and that he be released immediately thereafter from the custody of the U.S. Marshal after the deposition is concluded.

**The Testimony Of The Material Witness Can Be Secured By Videotaped Deposition, And There Is No Compelling Reason To Keep Her In Custody**

Title 18, section 3144 of the United States Code provides:

> "No material witness may be detained . . . if the testimony of such witness can adequately be secured by deposition, and if further detention is not necessary to prevent a failure of justice."

Depositions of material witnesses may be used at trial in criminal cases, so it is only in exceptional circumstances, where the interests of justice will be denied, that a videotaped deposition is not appropriate. [See IIRIRA § 219 (admissibility of videotape depositions); see also, United States v. King 552 F.2d 833 (9th Cir. 1976) (cert. denied, 430 U.S. 966).] The defendant may be present at the videotaped deposition and therefore have a full and fair opportunity to cross-examine the witness. The videotape provides a sufficient indicia of reliability to afford the trier of fact a satisfactory basis for evaluating the truth of a statement. [Dutton v. Evans, 400 U.S. 74, 89 (1970).]

The burden is on the objecting party to show that the use of deposition testimony will deny defendant a fair trial and that live testimony would somehow be significantly different. [United States v. Humberto Rivera, 859 F.2d 1204, 1208 (4th Cir. 1988).]

The Material Witness should not be detained indefinitely because his testimony can be adequately secured by deposition. In terms of what the Material Witness can testify, this is a routine alien-smuggling case. Based on interviews with the Material Witness and the reports submitted by the arresting agency, the facts to which the Material Witness is competent to testify are straight-forward. (See paragraph 6 of the declaration of Attorney Ned Lynch submitted with these points and authorities.)

1       The Material Witness has no criminal charges pending against his relating to this matter, and
2 he has already spent a considerable amount of time in custody (almost 7 weeks at the motion hearing
3 date). The Material Witness has no prospects of being released on bail, which has been set at
4 $30,000. There is also an additional immigration hold on him. The Material Witness and his family
5 (a wife and two minor children) are enduring emotional, mental, and economic hardships from his
6 indefinite incarceration without being charged with a crime. (See paragraphs 3 and 4 of the
7 declaration of Attorney Ned Lynch submitted with these points and authorities.)

8       Moreover, the Material Witness and his counsel have not been informed by any party to this
9 case of a specific reason why further detention of the witness is necessary *to prevent a failure of*
10 *justice*. (See paragraph 5 of the declaration of Attorney Ned Lynch submitted with these points and
11 authorities.)

12       **The Material Witness In NOT Required To Show Exceptional Circumstances Or**
13       **Hardship Exist For The Court To Order The Videotaped Deposition**

14       Under **Rule 15(a)(1)** <u>a party</u> must establish exceptional circumstances exist <u>if the party</u> wants
15 to take the deposition of a witness. A person designated as material witness is not a party to the case.
16 Neither party to this case--the government or the defendant--is moving the court for this deposition.
17 This motion is brought by the material witness only.

18       Under **Rule 15(a)(2)** a witness may bring a motion to take his or her deposition without any
19 showing of exceptional circumstances, or hardship. Federal Rules of Criminal Procedure, Rule 15.

20       The material witness has proffered facts through his attorney's declaration regarding the
21 hardships he and his family are enduring during his indefinite incarceration only to inform and
22 remind the court and the parties that an uncharged person remains in custody, and that incarceration
23 has real impact on the Material Witness and others. These facts are not being offered to show
24 exceptional circumstances exist to order the deposition, because no such showing is required.

25       The court must grant the motion for the Material Witness to be deposed even if no
26 exceptional circumstances exist.

27 *///*

28

**Conclusion**

The Material Witness requests the court grant his motion and set his videotaped deposition at the earliest possible date so he can be released from custody immediately thereafter.

Dated: May 18, 2008
S/Ned Lynch
Ned Lynch, attorney for the Material Witness
E-mail: nedlynch@aol.com

# Exhibit A
# Sample Draft Of The Order

**United States District Court**

**Southern District of California**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal Case No. _____ |
| Plaintiff, ) | **Deposition Order For A Material Witness** |
| v. ) | |
| _____, ) | |
| Defendant. ) | |

Upon motion of material witness _____ [the "Material Witness"], by and through his attorney, Ned Lynch, by the appearance of the parties and their respective counsel, and apparent good cause:

**Order**

1. Unless he is otherwise released from custody of the U.S. Marshal, the Material Witness shall be deposed on _____, at _____ a.m/p.m. The deposition will be held at the U.S. Attorney's Office in San Diego, California. An employee of the U.S. Attorney's Office shall serve as the videotape operator.

2. All parties shall attend the deposition. A U.S. Marshal or other designated government agent(s) shall bring the Material Witness to the deposition. If the defendant is in custody, he or she shall be brought separately to the deposition. A marshal or other government agent(s) shall remain present during the entire proceeding.

3. The United States Attorney's Office shall arrange for a court-certified interpreter to be present for the Material Witness, if necessary. The cost of the interpreter for the Material Witness will be borne by the United States. See 28 U.S.C. § 1827(c)(2).

1    4.    If a defendant needs an interpreter independent of the Material Witness' interpreter (if any), defense counsel will arrange for a court-certified interpreter to be present. The cost of a separate interpreter shall be paid by the court.

5.    The U.S. Attorney's Office shall arrange for a certified court reporter to be present. The court reporter shall stenographically record the testimony and serve as a notary and preside at the deposition in accordance with Rule 28(a), Fed. R. Civ. P. The cost of the court reporter shall be borne by the U.S. Attorney's Office.

6.    The deposition shall be recorded by videotape. Prior to the conclusion of each deposition, the deponent, or a party, may elect to have the deponent review the videotape record of his deposition and to note any changes. Any errors or changes, and the reasons for making them, shall be stated in writing and such writing shall be signed by the deponent.

7.    The videotape operator shall select and supply all equipment required to videotape and audiotape the deposition and shall determine all matters of staging and technique, such as number and placement of cameras and microphones, lighting, camera angle, and background. He/she shall determine these matters in a manner that accurately reproduces the appearance of the deponent and assures clear reproduction of each deponent's testimony and the statements of counsel. The deponent, or any party to the action, may place upon the record any objection to the videotape operator's handling of any of these matters. Such objection shall be considered by the court in ruling on the admissibility of the video and/or audiotape record. All such objections shall be deemed waived unless made promptly after the objector knows, or has reasonable grounds to know, of the basis of such objection.

8.    The deposition shall be recorded in a fair, impartial, objective manner. The videotape equipment shall be focused on the witness; however, the videotape operator may from time to time focus upon charts, photographs, exhibits or like material being shown to the witness during the deposition.

9.    Before examination of the witness, the notary shall state on the video/audio record: (a) his/her name and address; (b) the date, time and place of the deposition; (c) the name of the

witness and the caption of the action; and (d) the identity of the parties and the names of all persons present in the room. The notary shall then swear the witness on the video record. Further, at the beginning of the examination by each counsel, the counsel shall identify himself/herself and his/her respective client on the record. If more than one videotape is used, the notary shall repeat items (a), (b) and (c) at the beginning of each new tape.

10. The videotape operator shall not stop the video recorder after the deposition commences until it concludes, except, however, that any party may request a cessation for a brief recess, which request will be honored unless another party objects and states the basis for said objection on the record. Each time the tape is stopped or started, the videotape operator shall announce the time on the record. If the deposition requires the use of more than one tape, the end of each tape and the beginning of the next shall be announced orally on the video record by the operator.

11. Testimonial evidence objected to shall be recorded as if the objection had been overruled and the court shall rule on the objections prior to admitting that portion of the deposition. The party raising the objection(s) shall be responsible for preparing a transcript for the court to consider. All objections to the evidence presented shall be deemed waived unless made during the deposition.

12. If requested by a party, the deposition testimony, if offered other than for impeachment, may be presented in non-stenographic audio/visual format, in which case no transcript need be prepared in advance of trial, unless otherwise ordered by the court. [See Fed. R. Civ. P. 32(c).]

13. Copies of all exhibits utilized during the videotaped deposition shall be marked for identification during the deposition and filed along with the videotape.

14. At the conclusion of the deposition, the government and defense attorneys will advise the material witness attorney if they intend to object to the release of the material witness. If the parties do not object to the witness' release, the government and defense attorney will immediately stipulate to an order to release the material witness from custody. The government's attorney will

provide the material witness with a subpoena for the trial date, a travel advance fund letter, and written authorization to enter the United States to testify at trial.

15. If either party objects to the release of the material witness, the objecting party must immediately request in writing a hearing on the issue before the district court within a reasonable time after the deposition is concluded. At the hearing, the objecting party must be prepared to show why the release of the material witness is not appropriate under 18 U.S.C. § 3144. If, after the hearing, the court decides to release the material witness, the material witness attorney should file the witness release order immediately. Again, the government's attorney must serve the witness with a trial subpoena, a travel fund advance letter, and written authorization to legally enter the United States to testify at trial before the material witness is released.

16. Upon request by either party, the videotape operator shall provide a copy of the videotape deposition to the requesting party at the requesting party's expense. After preparing the requested copies, if any, the videotape operator shall turn the original videotape over to the notary along with a certificate signed by the videotape operator attesting that the videotape is an accurate and complete record of the deposition.

17. The notary shall file this original tape, along with the any exhibits offered during the deposition, with the court in a sealed envelope marked with the caption of the case, the name of the witness and the date of the deposition. To that envelope, the notary shall attach the sworn statement that the videotape is accurate and complete record of the recorded deposition and certification that the witness was duly sworn by the officer.

18. To the extent that the procedures set forth herein for the videotaping vary from those set forth in Rules 28 and 30 F.R.Civ.P., these variations are found to be for good cause shown as allowed by F.R.Civ.P. 29.

19. Unless waived by the parties, the notary must give prompt notice to all parties of the filing of the videotape record of the deposition with the court pursuant to Fed.R.Civ.P. 30(f)(3).

**It Is So Ordered.**

Dated:_____

United States Magistrate Judge