```
1  JODI D. THORP
   California State Bar No. 223663
2  427 C Street Suite 300
   San Diego, California  92101
3  Telephone:  (619) 233-3169 ext. 14
4
   Attorneys for Mr. Motivoysyan
5
6
7                   UNITED STATES DISTRICT COURT
8                  SOUTHERN DISTRICT OF CALIFORNIA
9                   (HONORABLE NITA L. STORMES)
```

| | | |
|---|---|---|
| 10 | UNITED STATES OF AMERICA,    ) | CASE: 08CR1455-BEN |
| 11 | Plaintiff,    ) | DATE: June 12, 2008 |
| | ) | TIME: 9:30 a.m. |
| 12 | v.    ) | |
| 13 | ARSEN MOTIVOYSYAN,    ) | NOTICE OF OPPOSITION TO MOTION, |
| | ) | AND OPPOSITION TO MOTION FOR |
| 14 | ) | VIDEOTAPE DEPOSITION AND |
| | Defendant.    ) | <u>RELEASE OF MATERIAL WITNESS</u> |
| 15 | ) | |
| 16 | _____) | |

TO:  CAROL LAM, UNITED STATES ATTORNEY;
     REBECCA CANTOR, ASSISTANT UNITED STATES ATTORNEY, AND
     NED LYNCH, MATERIAL WITNESS ATTORNEY

**PLEASE TAKE NOTICE**, that on Thursday, June 12, 2008, at 9:30 a.m., or as soon thereafter as counsel may be heard, the defendant, Arsen Motivoysyan, by and through his counsel, Jodi D. Thorp, will ask this Court to enter an order denying the motion for videotape deposition and release of material witness based upon the following motions.

//
//
//
//
//

1 | **MOTIONS**

2 The defendant, Arsen Motivosyan, by and through his counsel, Jodi
3 D. Thorp, pursuant to the United States Constitution, the Federal Rules
4 of Criminal Procedure, and all other applicable statutes, case law and
5 local rules, hereby files this opposition to motion to videotape
6 deposition and release of material witness.

7 This opposition is based upon the instant motion and notice of
8 motion, the attached statement of facts and memorandum of points and
9 authorities, and all other materials that may come to this Court's
10 attention at the time of the hearing on this motion.

                              Respectfully submitted,

                              ___/s/ *Jodi Thorp*___
Dated: June 6, 2008           **JODI D. THORP**
                              Attorneys for Mr. Arsen Motivosyan

```
JODI D. THORP
California State Bar No. 223663
FEDERAL DEFENDERS OF SAN DIEGO, INC.
225 Broadway, Suite 900
San Diego, California  92101-5008
Telephone No. (619) 234-8467
```

Attorneys for Mr. Arsen Motivosyan

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE NITA L. STORMES)**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE: 08CR1455-BEN |
| ) | DATE: June 12, 2008 |
| Plaintiff, ) | TIME: 9:30 a.m. |
| ) | |
| v. ) | |
| ) | |
| ARSEN MOTIVOSYAN, ) | STATEMENT OF FACTS |
| ) | AND MEMORANDUM OF POINTS |
| ) | AND AUTHORITIES IN SUPPORT |
| Defendant. ) | OF OPPOSITION TO MOTION |

**I.**

**STATEMENT OF FACTS**[1]

Mr. Motivosyan was allegedly a passenger in a car stopped by border patrol on April 26, 2008. The border patrol officer asked to see all of the car passengers' documentation. All of the passengers were determined to have valid documentation to be in the United States.

Hours later, border patrol allegedly approached Mr. Motivosyan while he was standing outside a car in a park. Again, the border patrol

---

[1] The Statement of Facts is based, in part, on materials received from the government. Mr. Motivosyan does not accept this statement of facts as his own, and reserves the right to take a contrary position at motion hearings and trial. The facts alleged in these motions are subject to amplification and/or modification at the time these motions are heard.

1 officer verified that Mr. Motivosyan had legal documentation to be in
2 the United States.  One person who was also outside the car was
3 determined to not have legal documentation to be in the United States.
4 According to the border patrol officer, it appeared the people outside
5 the car were going to get in the car.  The officer believed Mr.
6 Motivosyan was entering as a back passenger.

7   Everyone was arrested for a violation of 8 U.S.C. Section 1324
8 except the person without documentation, who has been held as a material
9 witness.  The material witness allegedly stated that he was going to get
10 a ride to Los Angeles, California.

11   To date, Mr. Motivosyan has received limited discovery.  Although
12 he has received 101 pages of discovery, there has been almost no
13 discovery on the material witness, including any discovery from the A-
14 file of the material witness.  Mr. Motivosyan has not received any other
15 discovery with respect to statements of the material witness.  In
16 addition, counsel for Mr. Motivosyan has made two attempts to interview
17 the material witness.  The attorney for the material witness has yet to
18 respond to the requests.

**II.**

**MR. MOTIVOSYAN MOVES TO DENY MOTION BY MATERIAL WITNESS TO TESTIFY BY VIDEO DEPOSITION AND RELEASE**

23   Allowing video testimony would violate Mr. Motivosyan's right to
24 compulsory process, right to due process, and right to confront
25 witnesses against him.  The release of an alien (material) witness
26 constitutes a violation of the Compulsory Process clause and
27 Confrontation Clause of the Sixth Amendment, and the Due Process
28 clause of the Fifth Amendment.  United States v. Valenzuela-Bernal,

458 U.S. 858, 873 (1982). "Few rights are more fundamental than that of an accused to present witnesses in his own defense." Chambers v. Mississippi, 410 U.S. 284, 302 (1973); Faretta v. California, 422 U.S. 806, 818 (1975); Washington v. Texas, 388 U.S. 14, 19 (1967). The right to compel the attendance of witnesses, and to offer their testimony at trial, has long been recognized to be at the core of the right to present a defense. Washington, 388 U.S. at 19.

Despite the constitutional law directly on point, the Federal Rules allow for a witness to be deposed. However, before a deposition the moving party has the initial burden to demonstrate that "exceptional circumstances" exist and it "is in the interest of justice that the testimony of a prospective witness of a party be taken and preserved for use at trial." Fed. R. Crim. P. 15 (a); United States v. Omene 143 F.3d 1167, 1170 (9th Cir. 1998). The material witness argues that he is exempt from the "exceptional circumstances" requirement because he is requesting the deposition under FRCP 15(a)(2). He is incorrect. FRCP 15(a)(1) discusses the general requirements for a videotaped deposition. FRCP 15(a)(2) only adds that the material witness himself can request the deposition. It does not take away the special circumstances requirement. Rule 15 allows depositions of material witnesses to be taken whenever there exists exceptional circumstances. United States v. Hayes, 231 F.3d 663 (9th Cir. 2000).

The district court has the authority to order the taking of a videotaped deposition. Torres-Ruiz v. U.S. District Court for S.D. of California, 120 F.3d 933 (9th Cir. 1997). The Ninth Circuit in Torres-Ruiz held that a material witness must be released after a showing that his or her "testimony can adequately be secured by

deposition," and that "further detention is not necessary to prevent a failure of justice." Id. at 935 (citation omitted). In Torres-Ruiz, the Court found that the material witness' release was mandatory, based on a conjunctive reading of Federal Rule of Criminal Procedure 15 and Title 18 U.S.C. § 3144. This presupposes the notion that the initial burden has been met by the moving party. The initial burden requires the moving party to show that an "exceptional circumstance" exists and that further detention will be a "hardship." Torres-Ruiz, 120 F.3d at 935-36; see also United States v. Omene, 143 F.3d at 1170 (9th Cir. 1998).

Once the initial burden has been met, the objecting party has the burden to demonstrate that "further detention" is "necessary to prevent a failure of justice." Torres-Ruiz, 120 F.3d at 935. A failure of justice would exist if Mr. Motivosyan were not able to confront witnesses against him, or compel witnesses to testify at trial. The videotaped deposition and release of the material witness (a.k.a. undocumented illegal alien) in this case would also result in a due process violation.

In the present case, the initial burden by the moving party has not been met. The material witness has not demonstrated that further incarceration would be a "hardship." Nor has the material witness demonstrated that an "exceptional circumstance" exists which would require his release. The material witness states that his family members are refugees in another country. However, this was the case prior to the material witness coming to the United States. Thus, the mere fact that they are refugees in another country does not show hardship. The material witness also states that he plans to request asylum in the United States which means he will be detained during the

1  asylum proceedings in any event.  The United States cannot deport him
2  while the asylum claim is pending.  Thus, the material witness's
3  detention during this case does not place an additional hardship on
4  him.  The material witness can request that his asylum action begin
5  while he is in federal custody.  Alternatively, he can post bond in
6  his federal case and remain in immigration custody pending this case
7  and pending his asylum claim.  The fact remains that the material
8  witness attempted to enter the United States illegally and potentially
9  faces criminal charges for that illegal entry.

10      Furthermore, live testimony is preferable and vital, given the
11  fact that the jury will be instructed to assess the credibility of the
12  witness, based in part, on the witness' manner while testifying and
13  any other factors that bear on believability.  9th Cir. Crim. Jury
14  Instr. 1.7 and 3.7 (1997).  Another factor to be considered is the
15  benefit conferred upon the witness in return for his testimony,
16  including being returned to Armenia and not being charged with
17  attempted illegal entry into the United States.  9th Cir. Crim. Jury
18  Instr. 4.8 and 4.10.1 (1997).  Thus, live testimony is vital for the
19  jury to make a determination of the witness' credibility.

20      An element of transportation of illegal aliens requires that the
21  transportation be "in furtherance of such violation of law."  8 U.S.C.
22  § 1324 (a)(1)(A)(ii); See United States v. Nguyen, 73 F.3d 887 (9th
23  Cir. 1995) (conviction reversed where no specific intent instruction
24  given, where knowledge and criminal intent are both required).  The
25  Ninth Circuit Model Jury Instructions require that "the defendant
26  knowingly transported or moved, or attempted to transport or move [the
27  alien] in order to help [the alien] remain in the United States
28  illegally.  9th Cir. Crim. Jury Instr. 9.1.4. (1997).

Finally, at this stage in his case, Mr. Motivosyan has not received discovery related to the material witness, including his A-file documentation, criminal history documentation etc.  Mr. Motivosyan has a right to effectively examine and cross-examine witnesses.  To make Mr. Motivosyan proceed at this point, without adequate investigation for cross examination would deny him his Sixth Amendment Rights.

### III.

### CONCLUSION

For the foregoing reasons, Mr. Motivosyan respectfully requests that this Court deny the motion to grant a videotape deposition and release of the material witness.

Respectfully submitted,

DATED: June 6, 2008

/s/ *Jodi D. Thorp*
**JODI D. THORP**
Counsel for Mr. Motivosyan