1  JODI D. THORP
   California State Bar No. 223663
2  427 C Street Suite 300
   San Diego, California  92101
3  Telephone:  (619) 233-3169 ext. 14

4

   Attorneys for Mr. Motivoysyan
5

6

7                 UNITED STATES DISTRICT COURT

8               SOUTHERN DISTRICT OF CALIFORNIA

9                 **(HONORABLE NITA L. STORMES)**

10  UNITED STATES OF AMERICA,    )  CASE: 08CR1455-BEN
                                 )
11          Plaintiff,           )  DATE: June 12, 2008
                                 )  TIME: 9:30 a.m.
12  v.                           )
                                 )
13  ARSEN MOTIVOYSYAN,           )  NOTICE OF OPPOSITION TO MOTION,
                                 )  AND OPPOSITION TO MOTION FOR
14                               )  VIDEOTAPE DEPOSITION AND
            Defendant.           )  RELEASE OF MATERIAL WITNESS
15                               )
                                 )
16  _____)

17  TO:  CAROL LAM, UNITED STATES ATTORNEY;
         REBECCA CANTOR, ASSISTANT UNITED STATES ATTORNEY, AND
18       NED LYNCH, MATERIAL WITNESS ATTORNEY

19       **PLEASE TAKE NOTICE**, that on Thursday, June 12, 2008, at 9:30 a.m.,

20  or as soon thereafter as counsel may be heard, the defendant, Arsen

21  Motivoysyan, by and through his counsel, Jodi D. Thorp, will ask this

22  Court to enter an order denying the motion for videotape deposition and

23  release of material witness based upon the following motions.

24  //

25  //

26  //

27  //

28  //

                              1                    08CR1455-BEN

## MOTIONS

The defendant, Arsen Motivosyan, by and through his counsel, Jodi D. Thorp, pursuant to the United States Constitution, the Federal Rules of Criminal Procedure, and all other applicable statutes, case law and local rules, hereby files this opposition to motion to videotape deposition and release of material witness.

This opposition is based upon the instant motion and notice of motion, the attached statement of facts and memorandum of points and authorities, and all other materials that may come to this Court's attention at the time of the hearing on this motion.

Respectfully submitted,

_____/s/ Jodi Thorp_____

Dated: June 6, 2008           **JODI D. THORP**
                              Attorneys for Mr. Arsen Motivosyan

1  JODI D. THORP
   California State Bar No. 223663
2  FEDERAL DEFENDERS OF SAN DIEGO, INC.
   225 Broadway, Suite 900
3  San Diego, California  92101-5008
   Telephone No. (619) 234-8467
4
5  Attorneys for Mr. Arsen Motivosyan
6
7
8                    UNITED STATES DISTRICT COURT
9                  SOUTHERN DISTRICT OF CALIFORNIA
10                    (HONORABLE NITA L. STORMES)
11  UNITED STATES OF AMERICA,      )   CASE: 08CR1455-BEN
                                   )   DATE: June 12, 2008
12              Plaintiff,         )   TIME: 9:30 a.m.
                                   )
13  v.                             )
                                   )
14  ARSEN MOTIVOSYAN,              )   STATEMENT OF FACTS
                                   )   AND MEMORANDUM OF POINTS
15                                 )   AND AUTHORITIES IN SUPPORT
                Defendant.         )   OF OPPOSITION TO MOTION
16  _____ )

17                                 I.

18                       STATEMENT OF FACTS[1]

19       Mr. Motivosyan was allegedly a passenger in a car stopped by border

20  patrol on April 26, 2008.  The border patrol officer asked to see all of

21  the  car  passengers'  documentation.    All  of  the  passengers  were

22  determined to have valid documentation to be in the United States.

23       Hours  later,  border  patrol  allegedly  approached  Mr.  Motivosyan

24  while he was standing outside a car in a park.  Again, the border patrol

25  _____

26       [1]The Statement of Facts is based, in part, on materials received from the
    government.  Mr. Motivosyan does not accept this statement of facts as his own, and
27  reserves the right to take a contrary position at motion hearings and trial.  The
    facts alleged in these motions are subject to amplification or modification at
28  the time these motions are heard.

                                   1                    08CR1455-BEN

officer verified that Mr. Motivosyan had legal documentation to be in the United States.    One person who was also outside the car was determined to not have legal documentation to be in the United States. According to the border patrol officer, it appeared the people outside the car were going to get in the car.    The officer believed Mr. Motivosyan was entering as a back passenger.

Everyone was arrested for a violation of 8 U.S.C. Section 1324 except the person without documentation, who has been held as a material witness.    The material witness allegedly stated that he was going to get a ride to Los Angeles, California.

To date, Mr. Motivosyan has received limited discovery.    Although he has received 101 pages of discovery, there has been almost no discovery on the material witness, including any discovery from the A-file of the material witness.  Mr. Motivosyan has not received any other discovery with respect to statements of the material witness.    In addition, counsel for Mr. Motivosyan has made two attempts to interview the material witness.    The attorney for the material witness has yet to respond to the requests.


## II.

### MR. MOTIVOSYAN MOVES TO DENY MOTION BY MATERIAL WITNESS TO TESTIFY BY VIDEO DEPOSITION AND RELEASE

Allowing video testimony would violate Mr. Motivosyan's right to compulsory process, right to due process, and right to confront witnesses against him.    The release of an alien (material) witness constitutes a violation of the Compulsory Process clause and Confrontation Clause of the Sixth Amendment, and the Due Process clause of the Fifth Amendment.    United States v. Valenzuela-Bernal,

1   458 U.S. 858, 873 (1982).  "Few rights are more fundamental than that

2   of an accused to present witnesses in his own defense." Chambers v.

3   Mississippi, 410 U.S. 284, 302 (1973); Faretta v. California, 422 U.S.

4   806, 818 (1975); Washington v. Texas, 388 U.S. 14, 19 (1967).  The

5   right to compel the attendance of witnesses, and to offer their

6   testimony at trial, has long been recognized to be at the core of the

7   right to present a defense.  Washington, 388 U.S. at 19.

8       Despite the constitutional law directly on point, the Federal

9   Rules allow for a witness to be deposed.  However, before a deposition

10  the moving party has the initial burden to demonstrate that

11  "exceptional circumstances" exist and it "is in the interest of

12  justice that the testimony of a prospective witness of a party be

13  taken and preserved for use at trial." Fed. R. Crim. P. 15 (a);

14  United States v. Omene 143 F.3d 1167, 1170 (9th Cir. 1998). The

15  material witness argues that he is exempt from the "exceptional

16  circumstances" requirement because he is requesting the deposition

17  under FRCP 15(a)(2).  He is incorrect.  FRCP 15(a)(1) discusses the

18  general requirements for a videotaped deposition.  FRCP 15(a)(2) only

19  adds that the material witness himself can request the deposition.  It

20  does not take away the special circumstances requirement.  Rule 15

21  allows depositions of material witnesses to be taken whenever there

22  exists exceptional circumstances.  United States v. Hayes, 231 F.3d

23  663 (9th Cir. 2000).

24      The district court has the authority to order the taking of a

25  videotaped deposition.  Torres-Ruiz v. U.S. District Court for S.D. of

26  California, 120 F.3d 933 (9th Cir. 1997).  The Ninth Circuit in

27  Torres-Ruiz held that a material witness must be released after a

28  showing that his or her "testimony can adequately be secured by

1   deposition," and that "further detention is not necessary to prevent a

2   failure of justice." Id. at 935 (citation omitted).  In Torres-Ruiz,

3   the Court found that the material witness' release was mandatory,

4   based on a conjunctive reading of Federal Rule of Criminal Procedure

5   15 and Title 18 U.S.C. § 3144.  This presupposes the notion that the

6   initial burden has been met by the moving party.  The initial burden

7   requires the moving party to show that an "exceptional circumstance"

8   exists and that further detention will be a "hardship."  Torres-Ruiz,

9   120 F.3d at 935-36;  see also United States v. Omene, 143 F.3d at 1170

10  (9th Cir. 1998).

11      Once the initial burden has been met, the objecting party has the

12  burden to demonstrate that "further detention" is "necessary to

13  prevent a failure of justice." Torres-Ruiz, 120 F.3d at 935.  A

14  failure of justice would exist if Mr. Motivosyan were not able to

15  confront witnesses against him, or compel witnesses to testify at

16  trial.  The videotaped deposition and release of the material witness

17  (a.k.a. undocumented illegal alien) in this case would also result in

18  a due process violation.

19      In the present case, the initial burden by the moving party has

20  not been met.  The material witness has not demonstrated that further

21  incarceration would be a "hardship."  Nor has the material witness

22  demonstrated that an "exceptional circumstance" exists which would

23  require his release.  The material witness states that his family

24  members are refugees in another country.  However, this was the case

25  prior to the material witness coming to the United States.  Thus, the

26  mere fact that they are refugees in another country does not show

27  hardship.  The material witness also states that he plans to request

28  asylum in the United States which means he will be detained during the

4                                           08CR1455-BEN

asylum proceedings in any event.  The United States cannot deport him while the asylum claim is pending.  Thus, the material witness's detention during this case does not place an additional hardship on him.  The material witness can request that his asylum action begin while he is in federal custody.  Alternatively, he can post bond in his federal case and remain in immigration custody pending this case and pending his asylum claim.  The fact remains that the material witness attempted to enter the United States illegally and potentially faces criminal charges for that illegal entry.

Furthermore, live testimony is preferable and vital, given the fact that the jury will be instructed to assess the credibility of the witness, based in part, on the witness' manner while testifying and any other factors that bear on believability.  9th Cir. Crim. Jury Instr. 1.7 and 3.7 (1997).  Another factor to be considered is the benefit conferred upon the witness in return for his testimony, including being returned to Armenia and not being charged with attempted illegal entry into the United States.  9th Cir. Crim. Jury Instr. 4.8 and 4.10.1 (1997).  Thus, live testimony is vital for the jury to make a determination of the witness' credibility.

An element of transportation of illegal aliens requires that the transportation be "in furtherance of such violation of law."  8 U.S.C. § 1324 (a)(1)(A)(ii);  See United States v. Nguyen, 73 F.3d 887 (9th Cir. 1995) (conviction reversed where no specific intent instruction given, where knowledge and criminal intent are both required).  The Ninth Circuit Model Jury Instructions require that "the defendant knowingly transported or moved, or attempted to transport or move [the alien] in order to help [the alien] remain in the United States illegally.  9th Cir. Crim. Jury Instr. 9.1.4. (1997).

Finally, at this stage in his case, Mr. Motivosyan has not received discovery related to the material witness, including his A-file documentation, criminal history documentation etc.  Mr. Motivosyan has a right to effectively examine and cross-examine witnesses.  To make Mr. Motivosyan proceed at this point, without adequate investigation for cross examination would deny him his Sixth Amendment Rights.

**III.**

**CONCLUSION**

For the foregoing reasons, Mr. Motivosyan respectfully requests that this Court deny the motion to grant a videotape deposition and release of the material witness.

Respectfully submitted,

DATED: June 6, 2008

_/s/ Jodi D. Thorp_
**JODI D. THORP**
Counsel for Mr. Motivosyan